SOLOMON LINCOLN and JOHN SHRIGLEY, plaintiffs in error, *v.* ISAAC COOK, defendant in error.

*Error to the Municipal Court of the City of Chicago.*

Where the record of a cause stated that the Court sustained the demurrer to the first plea of the defendant, and that after replication filed to the fifth and sixth pleas, " issues were joined by agreement of parties, and the cause submitted to a jury " : *Held,* that, by this agreement, the parties must be considered as waiving all objections to the form of the pleadings on either side ; and hence the accuracy of the decision on the demurrer to the plea could not be assigned for error.

Where the award of an arbitrator required the parties to execute mutual releases, and that L., one of the parties, should pay a sum of money to C., the other party, and C. tendered a release containing a condition that it should take effect upon L.'s securing the payment of the money on the day specified by the arbitrator, which L. refused to receive, without making any objection to the terms of the release, or examining it, alleging that " the award was not binding, or was good for nothing " : *Held,* that the tender was sufficient, as evidence of an offer to perform the award on the part of C. : *Held,* also, that if L. had refused to receive the release because it was conditional, and C. had refused to make one conformable to the condition of the award, then it would have been a failure to perform the award.

An examination of a witness by the sole arbitrator, in the absence of both parties, is not an *ex parte* examination. The term *ex parte* implies an examination in the presence of one of the parties, and in the absence of the other.

THIS cause was heard in the Court below before the Hon. Thomas Ford and a jury. Verdict and judgment were rendered for the plaintiff. The defendants appealed to this Court. As the opinion of the Court refers to only a few of the many points made in the case, and the record and points made by counsel are voluminous, it is not deemed expedient to recite more than appears in the opinion of the Court.

J. D. CATON and N. B. JUDD, for the appellants.

B. S. MORRIS, J. B. THOMAS, and M. LESLIE, for the appellee.

SMITH, Justice, delivered the opinion of the Court :

This was an action of *debt* on an award. One of the errors assigned questions the correctness of the decision of the Municipal Court of the city of Chicago, on a demurrer to the first plea of the defendant.

The Court sustained the demurrer to the plea. Afterwards, the record recites, that after replication filed to the 5th and 6th pleas, " issues are joined by agreement of the parties, and the cause is submitted to a jury."

The parties, by this agreement, must be considered as waiving all objections to the form of the pleadings on either side ; and hence the accuracy of the decision on the demurrer to the plea is not properly before this Court for its decision. The remaining

errors assigned arise out of the evidence disclosed by the bill of exceptions. We do not perceive the force of the objections to the decision of the Court, upon the other grounds disclosed by the bill ; or that it becomes material to comment on the alleged errors, except those relating to the admission of the release in evidence, and the instructions on what it is contended was the *ex parte* examination of a witness. It appears that the release tendered by Cook to Lincoln was a conditional one, and not absolute within the meaning of the terms expressed in the award, and, strictly considered, was not a compliance with the act awarded to be done. The release was to take effect upon Lincoln's securing the payment of the money, by good personal security, on the day of payment specified by the arbitrator. Yet as Lincoln was also required to execute his release, and deliver it to Cook within the time specified, we must consider it was the intention of the arbitrator, to be deduced from the award, that the releases were not only to be mutual, but were to be delivered at the same time. The delivery of the releases to each other, it is apparent, must be construed to be *pari passu.* Lincoln, however, made no objection to the terms of the release offered by Cook, but refused to receive it, stating that the " award was not binding, and was good for nothing."

We are of opinion, that the offer to deliver the release, as no objection was made to its character or sufficiency, was evidence of an offer to perform the award on the part of Cook, and that the release was properly admitted in evidence.

If Lincoln had refused to receive the release because it was conditional, and Cook had refused to make one conformable to the condition of the award, then it would have been a failure to comply with the award, and would have been a non-compliance with it.

The case may be likened to the tender of bank notes. If the party to whom the payment is offered, does not object to the payment because it is offered in notes, the tender would be held good, although if he had objected, the legal coin of the country would alone have been a tender. So here, the objection is to a reception of the release offered on any terms, and not to its sufficiency. The Circuit Court decided that the examination of a witness by the person who was the sole arbitrator, in the absence of both the parties, was not an *ex parte* examination, and correctly so.

The term *ex parte* implies an examination in the presence of one of the parties, and in the absence of the other.

Upon the whole, we are of opinion that the judgment of the Circuit Court should be affirmed with costs.

*Judgment affirmed.*